UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Number:

_____

SMART PLANNER SUITE, LLC,
      Plaintiff,

v.

MARCHEX, INC.,
      Defendant.

_____

### VERIFIED COMPLAINT

Plaintiff, Smart Planner Suite, LLC ("**Smart Planner**"), brings this Verified Complaint against Defendant, Marchex, Inc. ("**Marchex**"), asserting claims of trademark infringement under 15 U.S.C. § 1114(a) and cybersquatting under 15 U.S.C. § 1125(d), the Anti-Cybersquatting Consumer Protection Act ("**ACPA**").

### INTRODUCTION

1. This action involves claims of the willful, unauthorized, and unlawful usage by Marchex of the Smart Planner's trademark, "Smart Planner" through Marchex's ownership of the domain name smartplanner.com. This action also involves claims of cybersquatting as Marchex owns the aforementioned domain name with the sole intention of selling the domain name for profit.

## PARTIES

2.  Smart Planner Suite, LLC is a single-member, Massachusetts Limited Liability Corporation with its principal place of business located at 300 Washington St., Suite 413 Newton, MA 02458.

3.  Marchex, Inc. is a publicly traded Washington Corporation, with its corporate headquarters located at 520 Pike Street, Suite 2000, Seattle, WA 98101, with additional locations on 44 East 30th Street, Floor 8, New York, NY 10016 and 6700 Vla Austi Parkway, Suite D, Las Vegas, NV 89119.

## JURISDICTION AND VENUE

4.  This Court has original subject matter jurisdiction over claims arising under the federal trademark statute matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has supplemental subject matter jurisdiction over the state statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

6.  This Court has *in personam* jurisdiction over Marchex pursuant to Massachusetts General Laws chapter 223A, § 3 in that Marchex regularly and systematically conducts business in Massachusetts and in this district.  Moreover, Marchex has caused tortious injury in Massachusetts and in this district by acts or omissions in Massachusetts and in this district or caused tortious injury in Massachusetts and in this district by acts or omissions outside Massachusetts, and this district while regularly doing or soliciting business, or engaging in other persistent courses of conduct, and have derived substantial revenue from goods used or consumed or services rendered in Massachusetts and in this district.  In addition, Smart

Planner is a citizen of this district and has been injured in this district by Marchex's acts or omissions.

7. Venue in this district is proper pursuant to 28 U.S.C., §§ 1391(b)(2) and (c) in that a substantial part of the events or omissions giving rise to the claim occurred or are continuing to occur in this district, Smart Planner is a citizen of this district, and Marchex is a corporation subject to personal jurisdiction in this district.

## FACTUAL STATEMENT

8. Smart Planner is a retailer and distributor of, among other things, products and services pertaining to financial planning and investment advice and strategies to consumers and businesses throughout North America. In or about 1992, Smart Planner, through its predecessor-in-interest, Jonathan D. Pond, began offering said services through its Smart Planner Program (the "**Program**"). The Program was initially promoted through newsletters, books, speaking tours, a nationally broadcast television program, and websites owned by Jonathan D. Pond. As of the date of this Verified Complaint, the Program is primarily promoted and accessed through smartplanner123.com.

### *The Smart Planner Trademark*

9. Smart Planner® (the "**Mark**"), was registered on the Principal Register of the United States Patent and Trademark Office on January 14, 2014 (registration number 4465800). Smart Planner, and its predecessor-in-interest, have used the Mark in interstate commerce since 1992. A true and accurate copy of Smart Planner's trademark registration certificate for Smart Planner® is attached hereto and incorporated herein by reference as **Exhibit A.**

10. In 2013, Smart Planner made the decision to begin the process of making the Program available for sale on the Internet.

11. On or about, September 1, 2014, Smart Planner intends to make the Program available to the public through its website, smartplanner123.com. The aforementioned website will be the primary way to gain access to the Program.

12. Smart Planner has and continues to invest considerable time, effort, and financial resources in creating Smart Planner's web presence.

13. Smart Planner and its predecessor-in-interest, have sold the Program under the Mark for nearly twenty-three (23) years, nationwide. As a result of such longstanding, substantial, and continuous use of the Mark in interstate commerce, Smart Planner asserts that the Mark has acquired secondary meaning.

14. The Mark has, and continues to, indicate the source of Smart Planner's services.

### *Marchex's Infringement and Cybersquatting*

15. According to its website, marchex.com, Marchex is a retailer and distributor of mobile advertising services. In connection with those services, Marchex also registers and subsequently sells domain names. The domain names are sold through a division titled Archeo Domains. Archeo Domains claims to own over 200,000 domain names available for sale as shown below in Figure 1.



**Figure 1**

16. Marchex registered the domain name, smartplanner.com, on May 13, 2002, seven years following Smart Planner's first use of the Mark in commerce.

17. As shown in Figure 2, below, the domain name, smartplanner.com, is a platform webpage that contains links to a variety of other webpages relating primarily to event planning services. Upon information and belief, Defendant receives advertising or "click-through" revenue from the owners of the included third-party links when visitors click on one of the links.



**Figure 2**

18. Marchex's website (smartplanner.com) indicates that the smartplanner.com domain name "may be for sale" as shown in Figure 3 below.



**Figure 3.**

19. In or about February 2014, Smart Planner, in connection with its efforts to make the Program available on the Internet, discovered the existence of the domain name smartplanner.com. By letter dated February 20, 2014. Smart Planner notified Marchex of its infringement and requested that it refrain from infringing the Mark. A true and accurate copy of the demand letter is attached hereto as **Exhibit B**

20. Marchex failed and refused to respond to the February 20, 2014 demand letter.

21. During some part of 2014, Marchex's website (smartplanner.com) was apparently taken down temporarily.

22. In or about June 2014, Smart Planner discovered that Marchex's website (smartplanner.com) was again accessible on the Internet actively displaying the sale of the domain name.

23. As of the date of this Verified Complaint, Marchex's website (smartplanner.com) continues to be accessible and Marchex continues to offer the domain name, smartplanner.com, for sale.

## COUNT I

### Trade Mark Infringement under 15 U.S.C. §1114

24. The Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25. Plaintiff has not authorized or otherwise consented to Defendant's use of the Mark within the smartplanner.com domain name or on the website located at smartplanner.com.

26. Defendant's use of the smartplanner.com domain name constitutes a reproduction, copying, counterfeiting, and colorable imitation of the Mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

27. Defendant's unauthorized use of the Mark is likely to cause initial interest confusion by diverting Internet users away from Plaintiff's website to Defendant's website.

28. As a direct and proximate result of Defendant's infringement of the Mark, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

## COUNT II

### Cybersquatting under 15 U.S.C. § 1125(d)

29. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

30. The Defendant has registered, trafficked in, and/or used the smartplanner.com domain name

31. The smartplanner.com domain is confusingly similar to the Mark.

32. The Mark has been used in commerce since 1992, and is inherently distinctive.

33. Defendant has no independent intellectual property rights to the domain name.

34. Upon information and belief, Defendant has offered to sell the domain name, without having used or having an intent to use the domain in the bona fide offering of any goods or services.

35. Upon information and belief, the Defendants have registered and/or acquired other domain names that are identical or confusingly similar to other marks that were inherently distinctive at the time of their registration.

36. As a direct and proximate result of the Defendant's use of the smartplanner.com domain name, Plaintiff has suffered and will continue to suffer, irreparable injury to its business, reputation, and goodwill.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A temporary, preliminary, and permanent injunction prohibiting Defendant and its respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with them from: (1) trafficking in, or maintaining a registration for, any Internet domain name containing the Mark or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs; and (2) using the Mark or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs in commerce, including, but not limited to, on websites, in domain names, in social network user names, in hidden website text, or in metatags;

B. A temporary, preliminary, and permanent injunction requiring the current domain name registrar, Enom, Inc., to transfer the registration for the smartplanner.com domain name to the Plaintiff;

C. An award of compensatory, consequential, statutory, and/or punitive damages to the Plaintiff in an amount to be determined in trial;

D. An award of interest, costs, and attorneys' fees incurred by the Plaintiff in prosecuting this action

E. All other relief to which this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Respectfully Submitted,
Smart Planner Suite, LLC

By its Attorney,

/s/ Seth H. Salinger

Seth H. Salinger, Esq. (BBO No. 555426)
53 Langley Road, Suite 270
Newton, Massachusetts 02459
(617) 244-7630 (ph.)
(617) 244-7640 (fax)
Sethsal@gmail.com

Dated: August 4 , 2014

9

## **VERIFICATION**

I, Jonathan Pond, President of Smart Planner Suite, LLC, the Plaintiff herein, hereby certify that I have read the foregoing Complaint; all of the allegations contained therein asserted on personal information are true, and all of the allegations made upon information and belief, I believe, upon reasonable investigation, to be true.

Signed under the pains and penalties of perjury this 4th day of August, 2014.

/s/ Jonathan Pond

Jonathan Pond

## VERIFICATION

I, Jonathan Pond, President of Smart Planner Suite, LLC, the Plaintiff herein, hereby certify that I have read the foregoing Complaint; all of the allegations contained therein asserted on personal information are true, and all of the allegations made upon information and belief, I believe, upon reasonable investigation, to be true.

Signed under the pains and penalties of perjury this 4th day of August, 2014.

/s/ Jonathan Pond

Jonathan Pond

10

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# Smart Planner

**Reg. No. 4,465,800**

**Registered Jan. 14, 2014**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

POND, JONATHAN (UNITED STATES INDIVIDUAL)
1 GATEWAY CENTER, 4TH FLOOR
NEWTON, MA 02458

FOR: FINANCIAL INFORMATION AND ADVISORY SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-30-1991; IN COMMERCE 2-25-1992.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PLANNER", APART FROM THE MARK AS SHOWN.

SER. NO. 85-949,552, FILED 6-3-2013.

CARYN GLASSER, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

# EXHIBIT B

# SETH H. SALINGER

## ATTORNEY AT LAW

53 LANGLEY ROAD, SUITE 270
PICCADILLY SQUARE
NEWTON, MA 02459
(617) 244-7630 (phone)
(617) 244-7640 (facsimile)
SethSal@gmail.com
www.SethSalinger.com

February 20, 2014

Via First Class Mail

MARCHEX SALES LLC
P.O. Box 639
c/o SmartPlanner.com
Kirkland, WA 98083

Re:   Demand to Cease and Desist from Infringing Registered Trademark and Other
      Intellectual Property Rights of Jonathan Pond.

Dear Madam or Sir:

Attached is a copy of the February 7, 2014 demand letter with regard to the domain name
SmartPlanner.com that my office sent to Archeo Domains, which we believe to be a subsidiary of
your company based on your shared website. Smart Planner® is a registered trademark of my
client, Jonathan Pond, and we hereby demand that you:

(1)     Discontinue use of the domain name: http://smartplanner.com/ within 15 days of
        the date hereof;
(2)     Transfer the domain name: Smartplanner.com to my client and execute all such
        documents as are necessary to effectuate such a transfer and;
(3)     Certify to the undersigned in writing no later than seven (7) days from receipt of
        this letter that your company has complied with these demands.

For further information, please see the attached letter.

Very truly yours,

Seth H. Salinger

Enc.

cc:  Mr. Jonathan Pond